**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CINDY M. GIL,<br><br>    Plaintiff,<br><br>  vs.<br><br>J.P. MORGAN CHASE N.A.,<br><br>    Defendant. | No. CIV 07-0181-PHX-SMM<br><br>**STIPULATED PROTECTIVE ORDER** |

  Pursuant to the Stipulation for Entry of Protective Order submitted by Plaintiff Cindy M. Gil and Defendant JPMorgan Chase Bank N.A. (the "Parties") (Dkt. 7), and good cause appearing, it is **HEREBY ORDERED** as follows:

  1. Only documents containing trade secret, proprietary or confidential business information or documents affecting actual or potential privacy interests of third parties may be designated "confidential," provided such documents have not previously been disclosed by the producing party to anyone except those in its employment, those retained by it, or otherwise publicly filed. Such documents or parts thereof will be designated after review by an attorney for the producing party by stamping the word "confidential" on each page.

2. Documents designated "confidential" shall be shown only to the Parties, the Parties' attorneys, and other persons on the attorneys' staff who must have access to them by virtue of their respective job duties. Documents designated "confidential" may also be shown to expert witnesses whom the attorneys deem necessary to review the documents for the prosecution or defense of this lawsuit. No other person, including actual or proposed lay witnesses, shall have access to any confidential documents without prior consent of the party that produced the confidential document. Each person who is permitted to see confidential documents shall first be shown a copy of this Order, shall further be advised of the obligation to honor the confidentiality designation, and if not a party or otherwise directly bound by this Order, shall execute an acknowledgement to be separately drafted and agreed upon by the parties confirming that the person will honor the confidentiality designation.

3. If any party believes that a document designated or sought to be designated confidential by the producing party does not warrant such designation, it shall first make a good faith effort to resolve such dispute with opposing counsel. In the event that such a dispute cannot be resolved within a reasonable period of time not to exceed ten (10) calendar days (unless the parties stipulate to further extension), the party opposing the confidential designation may apply to the court for an order declaring that the document is not confidential. Until such an order is entered, the document shall be treated as confidential. In response to any such motion, the designating party shall bear the burden of proving that its designation was proper.

4. At the time of deposition or within ten (10) calendar days after receipt of the deposition transcript, or, in the case of depositions that have already been taken, within ten (10) calendar days after entry of this Order, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in Paragraph 1 above. This designation shall be made in writing and shall be

served upon all counsel. Transcripts will be treated as confidential for this 10-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this Order. In filing materials with the Court in pretrial proceedings, counsel shall file under seal only those specific documents and that deposition testimony designated confidential, and only those specific portions of briefs, applications, and other filings which contain verbatim confidential data, or which set forth the substance of such confidential information in summary or analysis.

 5. This stipulated protective order does not waive any applicable privileges or objections unrelated to the purported confidential or trade secret nature of a document which might otherwise be interposed during the course of discovery.

 6. This stipulated protective order does not authorize any particular form or method of discovery, all discovery being governed by the Federal Rules of Civil Procedure.

 7. The parties may, by written agreement and at the Court's discretion, suspend or relax any provision in this stipulated protective order.

 8. In any application to the Court referred to or permitted by this stipulated protective order, the Court may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs and fees incurred by it and, if so, the amount to be awarded.

 9. This stipulated protective order does not assume or imply the existence of any cognizable trade secrets, proprietary business information or legally protected privacy interests. All parties expressly reserve the right to challenge any confidentiality designation made under this stipulated protective order.

 10. No confidential information shall be used by a non-producing party for any purpose other than the prosecution or defense of this lawsuit, and nothing in this Stipulation and Order shall limit a producing party's right to utilize its own confidential

information in any manner it deems appropriate.

11. At the conclusion of this litigation, all confidential documents shall be returned to the producing party. No party may retain copies or originals of any such confidential documents, and those parties receiving such confidential documents shall execute acknowledgments that all such documents have been returned to the producing party.

Dated this 29th day of March, 2007.

Stephen M. McNamee
United States District Judge