**WO**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Cindy M. Gil,<br><br>      Plaintiff,<br><br>v.<br><br>J.P. Morgan Chase N.A.,<br><br>      Defendant. | CIV-07-181-PHX-SMM<br><br>**ORDER** |

      Before the Court are the parties' Stipulation to Continue Reply to Defendant's Opposition to Plaintiff's Motion to Exclude Evidence (Dkt. 66) and Stipulation to Continue Response to Defendant's Motion to Strike Inadmissible Evidence (Dkt. 67). The stipulations seek to grant Plaintiff until August 6, 2008 to reply in support of her Motion to Exclude Evidence, and to respond to Defendant's Motion to Strike Inadmissible Evidence. As the underlying motions are improper, the Court will deny the stipulations.

      Local Rule 7.2(m)(2) requires that objections to evidence offered in connection with a motion for summary judgment be presented in the party's response to another party's separate statement of facts, "and not in a separate motion to strike or other separate filing." LRCiv 7.2(m)(2). The Court brought this rule to the parties' attention when it denied the parties' Joint Motion to Amend/Correct Rule 16 Scheduling Order. (Dkt. 55, Order dated June 11, 2008.) The Court ordered that "any objections to evidence submitted in support or opposition to a motion for summary judgment shall be presented in accordance with Local Rule 7.2(m)." (Id.)

The parties failed to consult Local Rule 7.2(m), despite this clear directive, as revealed by the improper requests presented in the stipulations currently before the Court. Local Rule 7.2(m) establishes the following procedure: objections to evidence are presented in a party's responsive statement of facts; any response must be included in the reply memorandum for the underlying motion; neither an objection nor a response may be presented in a separate filing. LRCiv 7.2(m)(2). The parties in this case have not followed this procedure: Plaintiff's objections to Defendant's evidence are presented in Plaintiff's responsive memorandum to the motion for summary judgment (not her responsive statement of facts) (see Dkt. 60); Defendant responded in a separate filing (not its reply memorandum) (see Dkt. 63); and Defendant objected to Plaintiff's evidence in a separate filing (not its response to Plaintiff's separate statement of facts; indeed, Defendant did not file a response to Plaintiff's separate statement of facts).

The Local Rules do not provide for replies in support of objections to evidence. Therefore the Court will deny the stipulation to continue Plaintiff's reply (Dkt. 66). Defendant's separate motion to strike Plaintiff's evidence (Dkt. 65) is improper under the Local Rules and will be stricken. The stipulation to continue Plaintiff's response will therefore be denied as moot. Accordingly,

**IT IS HEREBY ORDERED** denying the parties' Stipulation to Continue Reply to Defendant's Opposition to Plaintiff's Motion to Exclude Evidence (Dkt. 66).

**IT IS FURTHER ORDERED** striking Defendant's Motion to Strike Inadmissible Evidence (Dkt. 65).

**IT IS FURTHER ORDERED** denying as moot the parties' Stipulation to Continue Response to Defendant's Motion to Strike Inadmissible Evidence (Dkt. 67).

DATED this 4th day of August, 2008.

_____
Stephen M. McNamee
United States District Judge